HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHERLITA Q. STEINBERGER,<br><br>          Plaintiff,<br><br>     v.<br><br>WASHINGTON DEPARTMENT OF CORRECTIONS, a Washington State Agency,<br><br>          Defendants. | No.  CV07-5404RBL<br><br>ORDER ON MOTION TO VACATE DISMISSAL |

## I.   INTRODUCTION

THIS MATTER comes before the above-entitled Court upon Plaintiff's Motion for the Court to Vacate its Order to Dismiss. The Court has reviewed the materials submitted. For the following reasons, the court DENIES Plaintiff's Motion to Vacate Dismissal.

## II.   BACKGROUND

Plaintiff Sherlita Steinberger filed her complaint for employment discrimination on August 6, 2007. [Dkt #1]. Plaintiff's motion requesting court appointed counsel was denied because Plaintiff made no showing that the legal issues in her case were complex or that her case was meritorious. [Dkt #4]. Plaintiff re-applied for appointment of counsel. In Plaintiff's Second Motion for Appointment of Counsel, plaintiff included a medical report in further support of her request. [Dkt #8]. This Court again determined that Plaintiff had failed to demonstrate that her claims had merit and that she was unable to articulate her claims pro se. [Dkt. #9].

On November 15, 2007, Defendant Washington State Department of Corrections moved for an order dismissing Plaintiff's complaint for failure to personally serve Defendant in violation of RCW 4.92.020. [Dkt. #10]. In the alternative, pursuant to FRCP 12(e) Defendants moved for an order requiring Plaintiff to more definitely state the legal basis for her claim and what causes of actions she wished to pursue. [*Id.*]. Plaintiff failed to respond to Defendants motion. This Court re-noted the motion for January 11, 2008. The Plaintiff was cautioned that failure to respond in opposition to Defendant's Motion to Dismiss would result in the motion being granted. [Dkt. #11]. Plaintiff failed to respond. This Court granted Defendant's Motion to Dismiss on January 11, 2008. [Dkt. #12].

Now with counsel, Plaintiff moves this Court to vacate its dismissal. Plaintiff attributes her missed deadlines to limited understanding of the Federal Court system, little or no understanding of electronic filing, and no internet access due to changes in her personal life.

### III. DISCUSSION

Whether the Plaintiff is entitled to relief from the judgment to dismiss is governed by Civil Rule 60. CR 60 outlines instances in which relief from judgment may be granted. In ruling on a motion to vacate a default judgment, the Court must balance the requirement that each party follow procedural rules with a party's interest in a trial on the merits. *Showalter v. Wild Oats,* 124 Wn.App. 506, 511, 101 P.3d 867, 869 (2004). When reviewing a motion to vacate a default judgment, the trial court determines whether the movant has demonstrated four factors: The primary factors are: (1) the existence of substantial evidence to support, at least prima facie, the claim asserted; (2) the reason for the party's failure to timely appear, *i.e.,* whether it was the result of mistake, inadvertence, surprise or excusable neglect. The secondary factors are: (3) the party's diligence in asking for relief following notice of the entry of the default; and (4) the effect of vacating the judgment on the opposing party. *Id. citing Calhoun v. Merritt,* 46 Wn.App. 616, 619, 731 P.2d 1094 (1986); *See also* CR 55(c)(1); CR 60(b)(1).

The only provision potentially applicable here is FRCP 60(b)(9), unavoidable casualty or misfortune preventing the party from prosecuting or defending. However, lack of convenient internet access due to a divorce does not reach the "unavoidable misfortune" level. *See Adams v.*

*Adams,* 181 Wash. 192, 42 P.2d 787 (1935); *Swazey v. Mikkelsen,* 65 Wash. 411, 118 P. 308 (1911). Further, as the Court indicated in its previous orders, the Plaintiff has failed to demonstrate that her claims had merit. Vacating the dismissal would prejudice the Defendant, which properly filed motions and timely responded to Plaintiff's complaint. This Court has given the Plaintiff ample opportunities to plead her case. For the reasons stated above, Plaintiff's Motion to Vacate Dismissal is DENIED.

**IT IS SO ORDERED.**

Dated this 27th day of June, 2008.

_____

RONALD B. LEIGHTON

UNITED STATES DISTRICT JUDGE